■ LEON J. GREENSPAN, as Parent and Natural Guardian of DAVID GREENSPAN, Appellant, v ARTHUR P. ANTIN et al., Respondents.—In an action brought by Leon J. Greenspan, as parent and natural guardian of David Greenspan for (1) a judgment declaring that Manson Donaghey, as principal of White Plains High School, the White Plains Board of Education and the individual defendants had no right to suspend the infant David Greenspan without a full due process hearing and (2) an injunction permanently restraining said defendants from suspending said infant, plaintiff appeals from so much of an order of the Supreme Court, Westchester County, dated June 8, 1979, as denied plaintiff a preliminary injunction

enjoining said defendants from implementing their suspension order and determined, *inter alia,* that the plaintiff was not entitled to an adversary-type hearing. Order modified by adding provisions thereto (1) converting the action into an article 78 proceeding to review the determination suspending plaintiff's son (see CPLR 7803, subd 3) and (2) dismissing the petition. As so modified, order affirmed insofar as appealed from, without costs or disbursements. In our view, plaintiff's remedy should have been by way of an article 78 proceeding and, accordingly, it is so converted (see CPLR 103, subd [c]). Turning to the merits, it is our belief that under the circumstances of the instant case, the informal, presuspension conference accorded plaintiff's son fully comported with his "due process" rights (see *Goss v Lopez,* 419 US 565; Education Law, § 3214, subd 3, par d); and the measure of discipline imposed upon the child's admission of guilt (a two-day suspension) was neither excessive nor shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Hopkins, J. P., Titone, Gulotta and Cohalan, JJ., concur.